UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF PIPEFITTERS LOCAL 636
DEFINED BENEFIT PENSION FUND, *et al.*,

      Plaintiffs,

v.

K & S MECHANICAL SERVICES, LLC,
SHAWN MICHEL HILL, and KAREN HILL,

      Defendants.
_____/

No. 25-10536

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING PLAINTIFFS'
MOTIONS FOR DEFAULT JUDGMENT [10][17]**

Plaintiffs, trustees of several multi-employer funds, allege that Defendant K & S Mechanical Services, LLC, ("K & S") breached the parties' collective bargaining agreement and various provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), including 29 U.S.C. § 1145. (ECF No. 1.) Plaintiffs also allege that Defendants Shawn Michel Hill and Karen Hill, who are the principal owners and members of Defendant K & S, breached their fiduciary duties. Following service of the complaint,[1] (ECF Nos. 5, 12, 13), Defendants did not respond or otherwise appear in this matter. Plaintiffs then sought and obtained a Clerk's entry of default against each of the defendants. (ECF Nos. 8, 15, 16.) Plaintiffs now move for a default judgment against Defendants. (ECF Nos. 10, 17.) For the reasons below, the Court GRANTS Plaintiffs' motions.

---

[1] The Court granted Plaintiffs permission to serve Defendants Shawn Michel Hill and Karen Hill via alternate means. (*See* ECF No. 11.)

1

**I.     Legal Standard**

Federal Rule of Civil Procedure 55 allows the court to enter a default judgment against a defendant who has failed to plead or otherwise defend against an action. Once the Clerk enters a default, all of a plaintiff's well-pleaded allegations, except those relating to damages, are deemed admitted. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). When the amount of damages is uncertain, the plaintiff must apply to the court for a default judgment. Rule 55(b)(2) sets forth that

> [t]he court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

"'This provision, by its terms, allows but does not require the district court to conduct an evidentiary hearing.'" *Hett v. Bryant Lafayette & Assocs., LLC*, No. 10-12479, 2011 U.S. Dist. LEXIS 18253, at *4 (E.D. Mich. Feb. 24, 2011) (quoting *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009)). Thus, the Court may award damages without an evidentiary hearing as long as a basis exists for the damages requested. *See Burrell v. Imperial Recovery Partners, LLC*, No. 11-11423, 2011 U.S. Dist. LEXIS 74292, at *3 (E.D. Mich. July 11, 2011).

**II.    Analysis**

Under ERISA, employers must contribute to multi-employer plans as required by a collective bargaining agreement. 29 U.S.C. § 1145. And fiduciaries must discharge their duties as to an ERISA plan "for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1)(A).

2

Here, Plaintiffs allege that Defendant K & S was bound by a collective bargaining agreement with the Pipefitters Local 636 Union, to which the funds are third-party beneficiaries; pursuant to that agreement, K & S is required to make fringe benefit contributions; and that K & S failed to pay its obligations under the agreement. Plaintiffs also allege that as the principal owners and members of K & S, Defendants Shawn Michel Hill and Karen Hill are responsible for the decisions pertaining to the payment of contributions to the funds, including decisions whether to pay contributions. The Court finds these well-pleaded allegations, which are deemed admitted due to Defendants' default, sufficient to support finding that Defendant K & S breached a collective bargaining agreement and that Defendants Shawn Michel Hill and Karen Hill breached their fiduciary duties regarding the funds.

Because Plaintiffs are entitled to a default judgment, the Court must determine the amount of damages. Under 29 U.S.C. § 1132(g)(2), which enforces violations of § 1145, Plaintiffs are entitled to "unpaid contributions, interest on the unpaid contributions, liquidated damages or 'double interest,' and reasonable attorney's fees and costs, and to seek 'other legal or equitable relief as the court deems appropriate.'" *See Mich. Laborers' Pension Fund v. WMRA, Inc.*, No. 1:18-CV-512, 2019 U.S. Dist. LEXIS 240899, at *5-6 (W.D. Mich. Oct. 7, 2019) (citing § 1132(g)(2)(A)-(E)). The collective bargaining agreement between the parties also provides that Plaintiffs are permitted to examine and copy K & S's books and records to determine if the payments required by the agreement are made and that when such payments are not timely made, K & S is charged with liquidated damages, costs of collection, and attorney fees. (ECF No. 17-2, PageID.211-12.)

Here, Plaintiffs have submitted documentation supporting their request for $4,111.17 in fringe benefit contributions based on an audit for the time period between January 2021 through March 2024;[2] $1,435.48 in liquidated damages for the prior late payment of fringe benefit contributions for the period between September 2023 through November 19, 2023; $1,108.60 in interest on the unpaid contributions under § 1132(g)(2)(B); and $1,108.60 in interest on the unpaid contributions under § 1132(g)(2)(C)(i). (ECF No. 17-4.) The Court finds that Plaintiffs are entitled to this relief.

Plaintiffs also seek $5,205.60 in attorney's fees and costs. Plaintiffs have submitted an affidavit in support of this request asserting that 17.25 hours were spent working on this litigation at the hourly rate of $225 per hour (for partners) and 0.7 hours were spent at the hourly rate of $200 per hour (for associates) for a total of $4,021.25. (ECF No. 17-5, PageID.278.) An award of attorney's fees is subject to a reasonableness review under the lodestar approach. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). Here, the requested hourly rates and the number of hours spent are reasonable. Plaintiffs' counsel has also provided a breakdown of the costs incurred in this matter: $405 for the filing fee, $154.35 for the cost of express mail, $425 for the service of process fee, and $200 for the CPA fee. (ECF No. 17-5, PageID.279.) The Court finds that Plaintiffs are entitled to the requested attorney's fees and costs as well.

---

[2] The audit originally showed that Defendants owed $13,543.01 in unpaid fringe contributions, but as of April 1, 2025, $9,431.84 had been paid. (ECF No. 17-4, PageID.262-63.)

### III. Conclusion

For the foregoing reasons, Plaintiffs' motions for default judgment are GRANTED. The Court will enter judgment in the amount of $12,969.45 in favor of Plaintiffs and against Defendants, jointly and severally.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 19, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 19, 2025, by electronic and/or ordinary mail.

s/Marlena Williams
Case Manager